UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KATHLEEN KELCH | * | CIVIL ACTION NO. |
| as Curator of DYLAN KELCH | * | |
| | * | |
| versus | * | SECTION |
| | * | |
| SMITH MARITIME INC., | * | MAGISTRATE |
| CALLAWAY BARGE LINES, INC. and | * | |
| ABC INSURANCE COMPANIES | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes KATHLEEN KELCH, as Curator of DYLAN KELCH, both persons of the full age of majority and residents of the State of Florida, and for her Complaint for Damages, respectfully avers as follows:

1.

This Honorable Court has jurisdiction over this matter in admiralty, pursuant to 28 U.S.C. 1331 and 1333. Venue is proper in accordance with 28 U.S.C. § 1391 (b) (1) as the accident took place on Bayou Black in Gibson, Louisiana.

2.

Made Defendants herein are:

1. SMITH MARITIME INC., on information and belief, a Florida Corporation doing business in the State of Louisiana and within the jurisdiction of this Honorable Court with its principal business establishment located at 967 Bulkhead Road, Green Cove Springs, Florida 32043, and at all times pertinent hereto, the employer of DYLAN KELCH and/or the owner, owner *pro hac vice*, charterer and/or operator of the M/V ELSBETH III and the BARGE ELVIS.

2. CALLAWAY BARGE LINES, INC., on information and belief, a Florida Corporation doing business in the State of Louisiana and within the jurisdiction of this Honorable Court with its principal business establishment located at 967 Bulkhead Road, Green Cove Springs, Florida 32043, and at all times pertinent hereto, the employer of DYLAN KELCH and/or the owner, owner *pro hac vice*, charterer and/or operator of the M/V ELSBETH III and the BARGE ELVIS.

3. ABC INSURANCE COMPANIES, on information and belief, one or more insurers providing insurance to SMITH MARITIME INC. and/or CALLAWAY BARGE LINES, INC. at the time of the incident in suit and providing coverage for the damages asserted herein on behalf of DYLAN KELCH. Said insurers are made parties hereto pursuant to the Louisiana Direct Action Statute, LSA – R.S. 22:1269, *et seq.*

3.

DYLAN KELCH was at all times mentioned herein an employee of SMITH MARITIME INC. and a member of the crew of the M/V ELSBETH III, a vessel owned, chartered, and/or operated by SMITH MARITIME INC. and/or CALLAWAY BARGE LINES, INC., performing his duties as a seaman aboard said vessel, and the Defendants are liable unto him under the admiralty law known as the Merchant Marine Act, modified and commonly known as the Jones Act, 46 U.S.C. § 30104, and pursuant to the General Maritime Law of the United States of America. KATHLEEN KELCH, as Curator of DLYAN KELCH, brings this suit pursuant to the "savings to suitors" clause of the United States Constitution on his behalf.

4.

On or about May 23, 2015, DYLAN KELCH was employed as a seaman aboard the M/V ELSBETH III, a steel hulled towing vessel built in 1998 which is 78.8 feet in length, 36 feet in breadth with 98 gross tons bearing USCG Doc. No. 1075804 and which is owned and/or operated by the Defendants, SMITH MARITIME INC. and/or CALLAWAY BARGE LINES, INC., and which vessel at all times pertinent hereto was engaged in interstate commerce on the navigable waters of the United States.

5.

On the said date, DYLAN KELCH, a deckhand, was performing his assigned duties as a seaman aboard the M/V ELSBETH III while same was located on navigable waters in Morgan City, Louisiana. Upon information and belief, at the time in question the M/V ELSBETH III was attempting to pull the BARGE ELVIS off of the bank. In the course of performing those duties, suddenly and without warning and due to the negligence of the Defendants and/or the unseaworthiness of the aforementioned vessels, DYLAN KELCH was caused to sustain severe and disabling injuries when a welded "d-ring", an appurtenance of the TUG ELVIS, failed under pressure and struck DYLAN KELCH in the head after the operator of the M/V ELSBETH III suddenly engaged the engines of the M/V ELSBETH III without warning.

6.

DLYAN KELCH was in no manner negligent. On information and belief, Plaintiff alleges that the sole and proximate cause of the accident and injuries sustained by DYLAN KELCH, as described herein, was the unseaworthiness of the vessels and/or negligence and/or failure of the Defendants, and their employees, servants and/or agents, in carrying out their obligations and duties, individually and concurrently, in the following respects:

1. Failure to provide DYLAN KELCH with a safe place in which to work;

2. Failure to have all welded appurtenances on the TUG ELVIS properly and safely welded to the appropriate standards and specifications;

3. Failure to warn DYLAN KELCH of the dangerous and unsafe condition of the TUG ELVIS;

4. Failure to warn DYLAN KELCH of the dangerous and unsafe condition of the M/V ELSBETH III;

5. Failure to exercise reasonable care in discovering and correcting any and all unsafe conditions existing on the M/V ELSBETH III and the TUG ELVIS;

6. Creation and maintenance of an unseaworthy vessel, the M/V ELSBETH III, and failure to properly maintain the vessel;

7. Creation and maintenance of an unseaworthy vessel, the TUG ELVIS, and failure to properly maintain the vessel;

8. Failure to provide DYLAN KELCH with the proper equipment and/or personnel to accomplish his job in a reasonably safe manner;

9. Negligently engaging the engines of the M/V ELSBETH III without ensuring that the deck crew, including DYLAN KELCH, was at a safe distance;

10. Other acts of negligence and conditions of unseaworthiness to be proven at the trial of this case.

7.

Solely by reason of the negligence of the Defendants and unseaworthiness of the vessels, and other acts and inactions described herein, DYLAN KELCH sustained massive, horrific injuries including but not limited to the following: traumatic brain injury, open fracture of the skull, multiple lacerations, multiple contusions, extensive facial fractures, rotary subluxation of the cervical spine, cerebral spinal fluid leakage and numerous other related injuries. DYLAN KELCH has been hospitalized continuously since the date of the accident, May 23, 2015.

8.

As a result thereof, DYLAN KELCH has in the past and will in the future: require medicines, medical care, medical treatment, have to expend moneys and incur obligations for treatment and care, suffer agonizing aches, pains, and mental anguish, and be disabled from performing his usual duties, occupations, avocations and activities of daily living without constant assistance.

9.

As a result of the aforesaid negligence, breach of duties, and unseaworthiness on the part of the Defendants herein, DYLAN KELCH has in the past and will in the future incur a loss of wages and/or earning capacity and employment/fringe benefits as well as past and future physical and mental pain and suffering, past and future loss of enjoyment of life and other damages to be shown at the trial of this matter. Defendants are further liable unto DYLAN KELCH for legal interest from the date of occurrence, reasonable attorney's fee, and all costs of these proceedings.

10.

Plaintiff repeats and re-alleges all of the foregoing paragraphs with the same force and effect as if herein set forth in full, and in addition thereto alleges that as a result of the aforementioned injuries which DYLAN KELCH sustained while in the course and scope of his employment aboard the M/V ELSBETH III, he was rendered unfit for duty as a seaman from the date of the accident, on or about May 23, 2015. Pursuant to the General Maritime Laws of the United States of America, Defendant, SMITH MARITIME INC., has an absolute and non-delegable duty or obligation to provide DYLAN KELCH with maintenance and cure benefits from the date of his injury until full recovery or maximum medical improvement is reached by him.

11.

Thus, Defendant SMITH MARITIME INC., is indebted unto DYLAN KELCH for maintenance and cure benefits in the amount of FIFTY ($50.00) DOLLARS per day from May 23, 2015, until such time as he reaches maximum medical improvement, or such amount as plaintiff proves DYLAN KELCH to be legally entitled to, together with interest from the date of occurrence, a reasonable attorney's fee and all costs of these proceedings.

12.

In addition, if Defendant, SMITH MARITIME INC., has refused and/or failed to timely pay DYLAN KELCH's maintenance and cure benefits or fails/refuses to do so in the future, and said failure/refusal to do so on a timely basis was/is willful, wanton, arbitrary, capricious and/or otherwise without cause, then Defendant SMITH MARITIME INC. is additionally liable unto DYLAN KELCH for additional compensatory damages in a full and true amount to be determined at the trial of this matter, together with interest from the date of occurrence, a reasonable attorney's fee and all costs of these proceedings and punitive damages pursuant to the Supreme Court of the United States ruling in *Atlantic Sounding Co., Inc. v. Townsend*, 129 S.Ct. 2561 (2009).

WHEREFORE, KATHLEEN KELCH, as Curator for DYLAN KELCH, prays that her Complaint be deemed good and sufficient, and that after due proceedings had and the expiration of all legal delays herein:

1. That there judgment in favor of the Plaintiff, KATHLEEN KELCH, as Curator for DYLAN KELCH, and against the Defendants, SMITH MARITIME INC., CALLOWAY BARGE LINES, INC. and ABC INSURANCE COMPANIES, jointly, severally, and *in solido*, in damages in an amount to be determined at trial, together with interest from the date of occurrence until paid, attorney's fees, and all costs;

2. There be a judgment rendered herein in favor of the Plaintiff, KATHLEEN KELCH, as Curator for DYLAN KELCH, and against the Defendant, SMITH MARITIME INC., for maintenance and cure benefits, past, present, and future at a daily rate of FIFTY ($50.00) DOLLARS, or such amount as Plaintiff proves to be legally entitled to, plus interest from the date of occurrence, costs and attorney's fees therefore, all in a true sum to be determined at the trial of this case;

3. There be judgment herein in favor of KATHLEEN KELCH, as Curator for DYLAN KELCH, and against the Defendant, SMITH MARITIME INC., for additional compensatory damages and for punitive damages if said Defendant has failed to pay any maintenance and/or cure that is due and owing and if such failure is found to be willful, wanton, arbitrary, capricious, and/or otherwise without cause, in an amount to be determined at trial, together with interest from the date of occurrence, a reasonable attorney's fee, and all costs of these proceedings;

4. For any and all other relief which the law and justice provide.

Respectfully submitted,

/s/ Kristi A. Post
Lawrence Blake Jones  (7495)
Kristi A. Post (17752) – T.A.
SCHEUERMANN & JONES
701 Poydras Street, Suite 4100
New Orleans, LA 70139
Telephone:  (504) 525-4361
 Facsimile:  (504) 525-4380
*Attorneys for Kathleen Kelch, as Curator for Dylan Kelch*

**PLEASE SERVE:**

**Smith Maritime Inc.**
**Through its registered agent for service of process:**
**Corporation Service Company**
**1201 Hays Street**
**Tallahassee, FL  32301**

**Calloway Barge Lines, Inc.**
**Through its officer:**
**Latham C. Smith**
**967 Bulkhead Rd.**
**Green Cove Springs, FL  32043**